UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GERALD B. WILSON, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. H-12-0927 |
| | § | |
| RICK THALER, Director, | § | |
| Texas Department of Criminal Justice -- | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## **MEMORANDUM AND ORDER**

State inmate Gerald B. Wilson (TDCJ #377028) has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging his state court conviction for failure to comply with a civil commitment order. The respondent has answered with a motion for summary judgment, arguing that Wilson is not entitled to relief. [Doc. # 8]. Wilson has filed a reply. [Doc. # 9]. After reviewing all of the pleadings, the state court records, and the applicable law, the Court grants the respondent's motion and dismisses this case for reasons set forth below.

**I.     BACKGROUND**

The state court records reflect that Wilson has a lengthy criminal record, including multiple felony convictions for aggravated sexual assault from Montgomery County, *see State v. Wilson*, Crim. Nos. 17252 and 17253 (June 5, 1984), and Travis County, *see State v. Wilson*, Crim. Nos. 74-074, 74-075, and 74-150 (May 14, 1984). Wilson received a forty-year prison sentence in each of these cases. Wilson does not challenge any of those convictions here.

After Wilson was scheduled for release on parole in 2007, the State of Texas convened a

civil commitment proceeding against him. On November 7, 2007, a jury in the 359th District Court of Montgomery County found that Wilson was a "sexually violent predator" as defined in § 841.003(a) of the Texas Health and Safety Code.[1] *In re: Commitment of Gerald Wilson*, No. 07-02-02127-CV (359th Dist. Ct. Montgomery County — Nov. 7, 2007). Consistent with that verdict, the trial court entered a civil commitment order that required Wilson to comply with numerous statutory conditions. *See* TEX. HEALTH & SAFETY CODE § 841.082. One of those conditions required Wilson to complete an outpatient treatment program specifically designed for sexually violent predators by the Texas Council on Sex Offender Treatment.

On November 9, 2010, Wilson was terminated or discharged from his assigned outpatient treatment program for failing to abide by the rules. A discharge summary prepared by the Texas Council on Sex Offender Treatment shows that Wilson violated a "zero tolerance program" by failing to take medication as prescribed. Wilson was subject to the zero tolerance program because he had committed several previous violations of the supervision requirements regarding prescription medication. Wilson also failed to follow a "pre-approved daily activity schedule" and interfered with or failed to wear his "miniature tracking device" on more than one occasion as required by the treatment program and the civil commitment order.

Wilson's termination from the outpatient treatment program resulted in a warrant for his arrest and a grand jury indictment in Harris County cause number 1285445 for violating the terms of the civil commitment order. The State enhanced that indictment for purposes of punishment with allegations that Wilson was habitual felon, meaning that Wilson faced a potential sentence of 25 years to life imprisonment if found guilty at trial.

---

[1] A person is a "sexually violent predator" under Texas law "if the person: (1) is a repeat sexually violent offender; and (2) suffers from a behavioral abnormality that makes the person likely to engage in a predatory act of sexual violence." TEX. HEALTH & SAFETY CODE § 841.003(a).

The State initially offered to recommend a minimum sentence of 25 years in prison in exchange for Wilson's guilty plea. Wilson eventually agreed to enter a guilty plea to the charges against him, without a recommendation from the State as to punishment, and he admitted that the enhancement allegations were true. On February 8, 2011, the 209th District Court of Harris County, Texas, found Wilson guilty as charged in cause number 1285445 and sentenced him to 5 years' imprisonment.

Wilson did not pursue a direct appeal. He did, however, file an application for a writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure. In that application, Wilson argued that he was entitled to relief from his conviction in cause number 1285445 because: (1) he had a constitutional right to refuse medication and, therefore, the charges were invalid; and (2) his attorney was ineffective for failing to investigate the case and file motions to dismiss the charges. After considering an affidavit from Wilson's defense counsel, the state habeas corpus court, which also presided over the guilty plea, entered findings and recommended that the application be denied. The Texas Court of Criminal Appeals agreed and denied relief, without a written order, based on the trial court's findings. *See Ex parte Wilson*, No. 44,983-09 (Dec. 14, 2011).

Wilson now seeks relief under 28 U.S.C. § 2254 from his conviction for failure to comply with a civil commitment order in cause number 1285445. According to the petition and supporting memorandum, Wilson raises similar grounds for relief that were adjudicated in state court. The respondent has filed a motion for summary judgment, arguing that the claims are without merit and that relief is not warranted. The parties' contentions are addressed below under the governing federal habeas corpus standard of review.

## II. STANDARD OF REVIEW

Motions for summary judgment typically are governed by Rule 56 of the Federal Rules of Civil Procedure. To the extent that petitioner's claims were adjudicated on the merits in state court, however, the respondent's summary-judgment motion must be determined in compliance with the federal habeas corpus statutes. *See Smith v. Cockrell*, 311 F.3d 661, 668 (5th Cir. 2002); *see also Clark v. Johnson*, 202 F.3d 760, 764 (5th Cir. 2000). For claims adjudicated on the merits in state courts, a petitioner must demonstrate that the state court's decision to deny a claim "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States[.]" 28 U.S.C. § 2254(d)(1).[2]

A state court's decision is deemed contrary to clearly established federal law if it reaches a legal conclusion in direct conflict with a prior decision of the Supreme Court or if it reaches a different conclusion than the Supreme Court based on materially indistinguishable facts. *See Williams v. Taylor*, 529 U.S. 362, 404-08 (2000). A state court unreasonably applies clearly established precedent if it identifies the correct governing legal principle but unreasonably applies that principle to the facts of the case. *See Brown v. Payton*, 544 U.S. 133, 141 (2005). An unreasonable application is more than merely incorrect or erroneous; rather, the state court's application of clearly established law must be "objectively unreasonable." *Williams*, 529 U.S. at 409.

The deferential standard found in 28 U.S.C. § 2254(d)(1) was designed to "modif[y] a

---

[2] There are additional limitations on federal habeas review. Pre-AEDPA precedent forecloses habeas corpus relief if any of the following circumstances are present: (1) the claim is barred as a consequence of the petitioner's failure to comply with state procedural rules, *Coleman v. Thompson*, 501 U.S. 722 (1991); (2) the claim seeks retroactive application of a new rule of law to a conviction that was final before the rule was announced, *Teague v. Lane*, 489 U.S. 288 (1989); or (3) the claim asserts trial error that, although of constitutional magnitude, did not have a "substantial and injurious effect or influence in determining the jury's verdict." *Brecht v. Abrahamson*, 507 U.S. 619 (1993).

federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state court convictions are given effect to the extent possible under law." *Bell v. Cone*, 535 U.S. 685, 693 (2002) (quotation omitted). In that respect, this standard "stops short of imposing a complete bar on federal court relitigation of claims already rejected in state court proceedings." *Harrington v. Richter*, — U.S. —, 131 S. Ct. 770, 786 (2011). "As a condition for obtaining [a writ of] habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.*, 131 S. Ct. at 786-87. This deferential standard of review applies even where the state court fails to cite applicable Supreme Court precedent or fails to explain its decision. *See Early v. Packer*, 537 U.S. 3, 7 (2002); *see also Richter*, 131 S. Ct. at 785 (confirming that "§ 2254(d) does not require a state court to give reasons before its decision can be deemed to have been 'adjudicated on the merits'").

In addition, a state court's findings of fact are presumed to be correct on federal habeas review, and the petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1). This presumption extends not only to express findings of fact, but to the implicit findings of the state court as well. *See Garcia v. Quarterman*, 454 F.3d 441, 444 (5th Cir. 2006) (citations omitted). Where pure questions of fact are concerned, a petitioner is not entitled to relief unless he demonstrates that the state court's decision was "based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d)(2); *see also Buntion v. Quarterman*, 524 F.3d 664, 670 (5th Cir. 2008).

### III. DISCUSSION

#### A. Wilson's Guilty Plea

The respondent correctly notes that review of Wilson's claims is constrained by his valid guilty plea. The respondent observes that Wilson does not allege or show that his guilty plea was involuntarily or unknowingly made. The respondent maintains, therefore, that Wilson waived review of his claims.

It is well established that "[a] guilty plea will be upheld on habeas review if entered into knowingly, voluntarily, and intelligently." *Montoya v. Johnson*, 226 F.3d 399, 404 (5th Cir. 2000). In that respect, "[a] voluntary and intelligent plea of guilty made by an accused person, who has been advised by competent counsel, may not be collaterally attacked." *Mabry v. Johnson*, 467 U.S. 504, 508 (1984). A guilty plea may not be set aside merely because the defendant made what turned out, in retrospect, to be a poor deal. *See Bradshaw v. Stumpf*, 545 U.S. 175, 186 (2005). Rather, a guilty plea may be challenged only on the grounds that it was made on the constitutionally defective advice of counsel or that the defendant could not have understood the terms of his plea bargain. *See id.* (citations omitted).

By voluntarily pleading guilty to an offense, a criminal defendant waives all non-jurisdictional defects preceding the plea. *See United States v. Owens*, 996 F.2d 59, 60 (5th Cir. 1993). This includes those claims for ineffective assistance of counsel except insofar as the ineffectiveness is alleged to have rendered the guilty plea involuntary. *See United States v. Glinsey*, 200 F.3d 386, 392 (5th Cir. 2000); *Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir. 1983).

The record of the guilty plea proceeding in this case discloses no lack of understanding Wilson's part and it further appears that his plea was voluntarily entered. The docket sheet shows that Wilson entered a guilty plea in open court to the charges against him in cause number

1285445. *See Ex parte Wilson*, No. 44,983-09 at 120. In connection with that plea, Wilson executed a written judicial confession to the charges against him. *Id.* at 114-15. In doing so, Wilson stipulated that he was "satisfied" that defense counsel had "properly represented [him]" and that he had "fully discussed this case with him." *Id.* at 115. The written plea agreement is signed by Wilson, the prosecutor, and defense counsel, who averred that Wilson's decision was "knowingly and voluntarily" made after fully discussing the consequences. *Id.* Based on these representations, the trial court found that the guilty plea was "knowingly and voluntarily" made by Wilson after discussing the terms and consequences with his attorney. *Id.*

Official court records, such as the judicial confession executed by Wilson, the prosecutor, defense counsel, and the trial court, "are entitled to a presumption of regularity and are accorded great evidentiary weight" on habeas corpus review. *Hobbs v. Blackburn*, 752 F.2d 1079, 1081-82 (5th Cir. 1985) (citations omitted). Likewise, "[s]olemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977); *see also United States v. Cothran*, 302 F.3d 279, 283-84 (5th Cir. 2002) ("Reviewing courts give great weight to the defendant's statements at the plea colloquy."); *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998) (quoting *Blackledge*); *DeVille v. Whitley*, 21 F.3d 654, 659 (5th Cir. 1994) ("Although their attestations to voluntariness are not an absolute bar to raising this claim, appellants face a heavy burden in proving that they are entitled to relief because such testimony in open court carries a strong presumption of verity."). Representations made by the defendant, his lawyer, and the prosecutor at a plea hearing, as well as the findings made by the trial judge accepting the plea, constitute a formidable barrier to any subsequent collateral attack. *See Blackledge*, 431 U.S. at 73-74.

The habeas corpus petition by Wilson does not include a claim that his guilty plea was

involuntarily or unknowingly made. Although Wilson does claim that his defense counsel was deficient, the allegations of ineffective assistance concern a failure to investigate and to file certain motions before the plea was entered. Thus, Wilson's ineffective-assistance allegations do not pertain to his decision to plead guilty. *Cf. Missouri v. Frye*, — U.S. —, 132 S. Ct. 1399, 1406 (2012) (distinguishing legal questions presented in cases in which a petitioner alleges that his guilty plea was tainted by deficient advice from counsel). Wilson's only other substantive ground for relief, which takes issue with the charges outlined in the indictment, does not implicate the validity of his guilty plea.

Because none of Wilson's allegations call into question the voluntary and knowing character of his guilty plea, all of his substantive claims are waived. It follows that Wilson is not entitled to relief and that his petition must be denied. The respondent argues, in the alternative, that Wilson's claims lack merit for other reasons set forth below.

### B. Validity of the Charges

Wilson contends that he is entitled to relief in this case because the charges against him were unconstitutional. In particular, Wilson argues that the charges against him for violating the commitment order stemmed from his failure to take prescription medication as directed by a physician. Wilson maintains that he had a "constitutionally protected right" under the Eighth and Fourteenth Amendment to refuse to take medication. Wilson insists, therefore, that the charges against him were invalid. The state habeas corpus court rejected this claim. *See Ex parte Wilson*, No. 44,983-09 at 110.

The indictment against Wilson alleged that he violated Texas law by failing to comply with the requirements outlined in a civil commitment order under § 841.082 of the Texas Health and Safety Code. *See Ex parte Wilson*, No. 44,983-09 at 119. It is a third-degree felony offense

in Texas for a person who has been "adjudicated and civilly committed as a sexually violent predator" to violate the civil commitment requirements imposed under § 841.082. TEX. HEALTH & SAFETY CODE § 841.084(a)-(b).

The state court records show that Wilson had a prescription for pain medication, and that he admittedly failed to take this medication according to the physician's instructions. Those records confirm further that Wilson was required to take all medication as prescribed. Wilson does not demonstrate that he was forced to take medication in violation of the Eight Amendment or the Due Process Clause found in the Fourteenth Amendment. *Cf. Washington v. Harper*, 494 U.S. 210, 221-222 (1990) (recognizing a liberty interest against the forcible injection of anti-psychotic drugs); *Vitek v. Jones*, 445 U.S. 480 (1980) (recognizing a liberty interest in transfer to a mental hospital). More importantly, Wilson's failure to take medication as prescribed was not the only treatment provision that he was accused of violating. The Council on Sex Offender Treatment issued a discharge summary which showed that, in addition to committing numerous violations of his prescribed medication regimen, Wilson failed to follow his daily schedule on several occasions, he removed his tracking device three different times, and twice he neglected to charge his tracking device. *See Ex parte Wilson*, No. 44,983-09 at 67-71.

Wilson does not dispute that he failed to complete the outpatient treatment program and that he did not comply with the civil commitment order as required. Wilson does not otherwise demonstrate that the charge outlined in the indictment is invalid. His conclusory allegations "do not raise a constitutional issue in a federal habeas proceeding." *Collier v. Cockrell*, 300 F.3d 577, 587 (5th Cir. 2002) (citing *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000); *Ross v. Estelle*, 694 F.2d 1008, 1012 (5th Cir. 1983)). Wilson fails to show that, by rejecting his claim, the state court's decision was contrary to, or involved an unreasonable application of, clearly established

federal law.³ It follows that Wilson is not entitled to relief.

### C. Ineffective Assistance of Counsel

Wilson was represented in cause number 1285445 by local criminal defense attorney Ken Goode. Wilson contends that he was denied his right to effective assistance of counsel because Goode failed to conduct an adequate investigation of his case and failed to file a motion to dismiss the indictment or a motion to suppress the discharge summary, which outlined Wilson's violations of the civil commitment order. These claims were rejected on state habeas corpus review. *See Ex parte Wilson*, No. 44,983-09 at 109-10.

The Sixth Amendment to the United States Constitution guarantees criminal defendants the right to have the assistance of counsel at trial. U.S. CONST. amend. VI; *Yarborough v. Gentry*, 540 U.S. 1, 5 (2003). The right to counsel guaranteed by the Sixth Amendment includes "the right to the effective assistance of counsel." *McMann v. Richardson*, 397 U.S. 759, 771 n.14 (1970) (emphasis added). Claims for ineffective assistance of counsel are analyzed under the well-established standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). To prevail under the *Strickland* standard, a defendant must demonstrate both constitutionally deficient

---

³ The United States Supreme Court has consistently upheld federal and state civil commitment programs for sex offenders. *See United States v. Comstock*, — U.S. —, 130 S. Ct. 1949 (2010) (upholding the federal civil commitment statute for sexually violent predators); *Kansas v. Crane*, 534 U.S. 407 (2002) (upholding the Kansas sexually violent predator statute); *Kansas v. Hendricks*, 521 U.S. 346 (1997) (same); *Seling v. Young*, 531 U.S. 250 (2001) (same for Washington); *see also Smith v. Doe*, 538 U.S. 84 (2003) (upholding Alaska's sex offender registration law). So far, the Texas courts have upheld the state civil commitment statute for sexually violent predators. *See In re Commitment of Fisher*, 164 S.W.3d 637 (Tex. 2005); *Adams v. State*, 222 S.W.3d 37, 55-58 (Tex. App. — Austin 2005, pet. ref'd) (discussing portions of the Texas sexually violent predator statute that criminalize violations of a commitment order); *Green v. State*, 219 S.W.3d 84, 90-91 (Tex. App. — Houston [1st Dist.] 2006, no pet.) (upholding a conviction for violating the terms of a treatment plan imposed under the Texas sexually violent predator statute and rejecting a constitutional challenge); *see also Beasley v. Molett*, 95 S.W.3d 590 (Tex. App. — Beaumont, 2002, pet. ref'd) (upholding the sexually violent predator statute's validity); *Petersimes v. State*, No. 05-10-00227-CR, 2011 WL 2816725, **9-11 (Tex. App. — Dallas July 19, 2011, pet. ref'd) (rejecting a constitutional challenge to the criminal penalty section of the Texas sexually violent predator statute).

performance by counsel and actual prejudice as a result of the alleged deficiency. *See Williams v. Taylor*, 529 U.S. 390, 390-91 (2000). "Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that rendered the result unreliable." *Strickland*, 466 U.S. at 687.

To demonstrate deficient performance, a defendant must show that "counsel's representation fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 687. Scrutiny of counsel's performance must be "highly deferential," and a reviewing court must make every effort "to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id.* at 689. To prove prejudice, a defendant must demonstrate a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. In the context of a guilty plea, this requires a petitioner to establish that, but for counsel's deficient performance, "he would have pleaded not guilty and insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 60 (1985); *see also Missouri v. Frye*, — U.S. —, 132 S. Ct. 1399, 1409-10 (2012) (re-affirming *Hill* and the two-part test for ineffective assistance of counsel claims under *Strickland* in the plea-bargain context).

In Wilson's case, the state habeas corpus court found that defense counsel did not unreasonably fail to conduct an adequate investigation or to file a motion that would have been successful such that it would have benefitted his defense. *See Ex parte Wilson*, No. 44,983-09 at 109-10 ¶¶ 6-10. In reaching that conclusion, the state habeas corpus court expressly rejected Wilson's allegations of deficient performance and concluded further that actual prejudice was not shown. *See id.* at 109, ¶ 4 (citing *Strickland v. Washington*, 466 U.S. 668, 686 (1984); *Hernandez v. State*, 726 S.W.2d 53, 57 (Tex. Crim. App. 1986)).

As this record shows, the state habeas corpus court identified the governing legal standard found in *Strickland* and applied it to Wilson's ineffective-assistance claim. Because Wilson repeats the same ineffective-assistance claim on federal habeas corpus review, the central question is not whether this court "'believes the state court's determination' under the *Strickland* standard 'was incorrect but whether the determination was unreasonable — a substantially higher standard.'" *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009) (quoting *Schriro v. Landrigan*, 550 U.S. 465, 478 (2007)). In addition, "because the *Strickland* standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard." *Knowles*, 556 U.S. at 123. Thus, this standard is "doubly deferential" on habeas corpus review. *Id.*; *see also Richter*, 131 S. Ct. at 788 (emphasizing that the standards created by *Strickland* and § 2254(d) are "highly deferential," and "'doubly' so" when applied in tandem) (citations and quotations omitted). Wilson fails to show that the state court's decision was unreasonable under this doubly deferential standard for reasons outlined below.

### 1. Failure to Investigate

To afford effective assistance, the Sixth Amendment requires counsel "to make a reasonable investigation of defendant's case or to make a reasonable decision that a particular investigation is unnecessary." *Ransom v. Johnson*, 126 F.3d 716, 723 (5th Cir. 1997) (citing *Strickland*, 466 U.S. at 691). Wilson alleges that his counsel failed to properly investigate or familiarize himself with the evidence, which was insufficient to establish a violation of the law. The record contradicts Wilson's claim.

On state habeas corpus review, defense counsel submitted an affidavit along with numerous documents that he reviewed in connection with Wilson's case. *See Ex parte Wilson*, No. 44,983-09 at 50-87. The documents, which include the discharge summary prepared by

Wilson's treatment provider, demonstrate that Wilson violated the terms and conditions of the treatment program in multiple ways by failing to take prescribed medication as required. Counsel also provided documents showing that Wilson had knowledge of the terms and conditions of the court-ordered outpatient treatment program and had agreed to abide by them. Counsel indicated that he reviewed all of these documents in connection with the plea offer and noted that Wilson "did not dispute any of the facts alleged in the program discharge summary documentation." The state habeas corpus court found that counsel's affidavit was "credible" and that counsel "conducted a thorough investigation of [Wilson's] case …." *Ex parte Wilson*, No. 44,983-09 at 109, ¶ 5.

The state court's factual findings and credibility determinations are presumed correct for purposes of federal habeas corpus review unless they are rebutted with "clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *Valdez v. Cockrell*, 274 F.3d 941, 947 (5th Cir. 2001); *see also Boyle v. Johnson*, 93 F.3d 180, 186 (5th Cir. 1996) ("The presumption is particularly strong where, as here, the habeas court was the same court that presided over the trial.") (citing *May v. Collins*, 955 F.2d 299, 314 (5th Cir. 1992)). Wilson does not rebut the state court's fact findings, which are supported by the record. The trial court's docket sheet shows that defense counsel requested and received an appointed investigator to assist him with Wilson's case. *See Ex parte Wilson*, No. 44,983-09 at 120. Defense counsel presented ample documentary evidence showing that Wilson failed to follow the rules on numerous occasions and that this resulted in his discharge from the outpatient treatment program that he was required to complete. *See id*. at 50-87. Wilson does not dispute that he violated more than one provision of the civil commitment order. Proof of one violation is sufficient to sustain a conviction for failure to comply with a civil commitment order under § 841.082 of the Texas Health and Safety Code. *See Adams v.*

13

*State*, 222 S.W.3d 37, 50 (Tex. App. — Austin 2005, pet. ref'd).

A habeas corpus petitioner who alleges a failure to investigate on the part of his counsel must state with specificity what the investigation would have revealed and how it would have changed the outcome of his trial. *See Miller v. Dretke*, 420 F.3d 356, 361 (5th Cir. 2005) (citing *United States v. Green*, 882 F.2d 999, 1003 (5th Cir. 1989)). Wilson does not articulate what else his counsel could have done or demonstrate what any additional investigation would have revealed. Wilson's unsupported allegations of ineffectiveness are insufficient to demonstrate deficient performance. *See Day v. Quarterman*, 566 F.3d 527, 540-41 (5th Cir. 2009); *see also Lincecum v. Collins*, 958 F.2d 1271, 1279 (5th Cir. 1992) (denying habeas relief where petitioner "offered nothing more than the conclusory allegations in his pleadings" to support a claim that counsel was ineffective for failing to investigate and present evidence). Absent a showing that his counsel was deficient for failing to conduct an adequate investigation, Wilson does not establish that the state court's decision to reject this claim was objectively unreasonable or wrong. Accordingly, Wilson is not entitled to relief on this issue.

### 2. Failure to File a Motion to Dismiss the Indictment

Wilson contends that his counsel was deficient for failing to file a motion to dismiss the indictment. Specifically, Wilson argues that the felony charge against him (for failure to comply with the civil commitment order) was unconstitutional and that his attorney should have filed a motion to dismiss on this basis. The state habeas corpus court considered Wilson's argument and found that he failed to "demonstrate any reasonable likelihood that a motion to dismiss would have been successful." *Ex parte Wilson*, No. 44,983-09 at 110, ¶ 10. The state habeas corpus court concluded, therefore, that Wilson's defense counsel was not deficient or ineffective for failing to file one. *Id.* at 110, ¶¶ 9-10, 13.

For reasons outlined above, Wilson fails to show that the indictment was deficient or that the charges against him were invalid. Absent a showing that counsel failed to raise a meritorious objection and that the outcome would have been different, the petitioner fails to demonstrate deficient performance or actual prejudice. *See, e.g., Parr v. Quarterman*, 472 F.3d 245, 256 (5th Cir. 2006) (holding that counsel was not deficient in failing to present a meritless argument); *Lavernia v. Lynaugh*, 845 F.2d 493, 499 (5th Cir. 1988) ("Counsel cannot be faulted for failing to pursue meritless motions."); *Murray v. Maggio*, 736 F.2d 279, 283 (5th Cir. 1984) ("Counsel is not required to engage in the filing of futile motions."). Wilson fails to show that he was denied effective assistance of counsel because his attorney did not file a motion to dismiss. Wilson further fails to demonstrate that the state court's decision to reject this claim was objectively unreasonable and he is not entitled to relief on this issue.

### 3. Failure to File a Motion to Suppress

Wilson contends that his attorney was deficient for failing to file a motion to suppress the discharge summary issued by his treatment provider and the Texas Council on Sex Offender Treatment. The discharge summary lists several violations of the outpatient treatment program for sexually violent predators, which Wilson was required to complete under the terms of the civil commitment order. The state habeas corpus court considered Wilson's argument and found that Wilson failed to "demonstrate any reasonable likelihood that a motion to suppress the discharge summary would have been successful or beneficial." *Ex parte Wilson*, No. 44,983-09 at 110, ¶ 8. The state habeas corpus court concluded, therefore, that Wilson's defense counsel was not deficient or ineffective for failing to file such a motion. *Id.* at 110, ¶¶ 7-8, 13.

Where a defense counsel's failure to file a motion to suppress is the principal allegation of ineffectiveness, the defendant must prove that his underlying claim is "meritorious and that

there is a reasonable probability that the verdict would have been different absent the excludable evidence in order to demonstrate actual prejudice." *Kimmelman v. Morrison*, 477 U.S. 365, 375 (1986). Wilson does not show that the discharge summary was inadmissible, or that the trial court would have granted a motion to suppress if one had been filed. Thus, Wilson fails to show that he was denied effective assistance of counsel in connection with his counsel's purported failure to file a motion to suppress. *See Parr*, 472 F.3d at 256. Wilson further fails to demonstrate that the state court's decision to reject this claim was objectively unreasonable. Accordingly, he is not entitled to relief on this issue.[4] Because Wilson has not established a valid claim for relief in this case, the respondent's motion for summary judgment will be granted.

## IV.     CERTIFICATE OF APPEALABILITY

Because the habeas corpus petition filed in this case is governed by the Antiterrorism and Effective Death Penalty Act, codified as amended at 28 U.S.C. § 2253, a certificate of appealability is required before an appeal may proceed. *See Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir. 1997) (noting that actions filed under either 28 U.S.C. § 2254 or § 2255 require a certificate of appealability). "This is a jurisdictional prerequisite because the COA statute mandates that '[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals . . . .'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citing 28 U.S.C. § 2253(c)(1)). Rule 11 of the Rules Governing Section 2254 Cases now

---

[4] The respondent notes further that Wilson does not allege in his petition or the supporting memorandum that, but for the alleged deficient performance by his defense counsel, he would have pleaded not guilty and would have insisted on a trial. Any such contention would strain credulity in this case in light of the evidence against him, including the discharge summary and other documentation, which disclose numerous violations of the civil commitment order and Wilson's lengthy criminal record of sex offenses. *See Ex parte Wilson*, No. 44,983-09 at 53-87. Under these circumstances, Wilson does not establish the requisite actual prejudice under the two-part *Strickland* test. *Hill*, 474 U.S. at 60. He does not show that the state court's decision on this issue was objectively unreasonable or wrong. As a result, all of Wilson's ineffective-assistance claims fail, and the respondent is entitled to summary judgment, for this additional reason.

requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner.

A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Under the controlling standard, this requires a petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El*, 537 U.S. at 336. Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). For all of the reasons set forth above, this court concludes that jurists of reason would not debate whether the assessment of the petitioner's constitutional claims was wrong, whether any procedural ruling in this case was correct, or whether the petitioner has stated a valid claim of the denial of a constitutional right. Therefore, a certificate of appealability will not issue.

## V. CONCLUSION

Based on the forgoing, the Court **ORDERS** as follows:

1. The respondent's motion for summary judgment [doc. # 8] is **GRANTED**.

2. The habeas corpus petition filed by Gerald B. Wilson is **DENIED** and this case is **DISMISSED** with prejudice.

3. A certificate of appealability is **DENIED**.

**The Clerk is directed to provide a copy of this Memorandum and Order to the parties.**

SIGNED at Houston, Texas on August 27, 2012.

_____
Nancy F. Atlas
United States District Judge